UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80414-CIV-MARRA

CYNDI CLAY,

Plaintiff,

vs.

OCEANS CASINO CRUISES, INC., d/b/a
SUNCRUZ CASINOS,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Oceans Casino Cruises, Inc.'s Motion to Dismiss the Amended Complaint (DE 13), filed August 4, 2008. The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

Plaintiff, Cyndi Clay ("Plaintiff"), filed an Amended Complaint (DE 12) on July 23, 2008, alleging negligence on the part of Defendant Oceans Casino Cruises, Inc. ("Defendant"). This action arises out of an incident on or about April 19, 2007 in which Plaintiff, while on Defendant's vessel, attempted to sit on a bar stool but was "suddenly and violently thrown" "due to a sudden rock in the vessel." (Am. Compl. ¶¶ 7, 10.) According to the Amended Complaint, Plaintiff suffered "serious bodily injuries as a direct and proximate result of the negligence of [ ] Defendant." (Am. Compl. ¶ 11; see Am. Compl. ¶¶ 15-16.)

The Amended Complaint states that Defendant had a duty to "exercise reasonable care"

"in the operation and maintenance of the vessel" and "to operate the vessel in a manner as to prevent injuries to any passengers or visitors aboard its vessel." (Am. Compl. ¶ 13.) Furthermore, the Amended Complaint alleges that Defendant breached its duty by failing to: (1) "take proper and adequate measures for the safety and welfare of passengers and visitors;" (2) "supply safe and reliable stools that would not result in injury to passengers or visitors;" (3) "keep the stools in proper repair and condition;" (4) "operate the vessel . . . in a safe manner under the circumstances;" (5) "conduct reasonable tests and/or inspections to detect the unsafe condition of the stools while the ship was navigating the waters" and (6) "adequately warn passengers and visitors . . . that the stools were not fit and safe to withstand a sudden jolt of the vessel resulting from high seas." (Am. Compl. 14 (a)-(e).)

In moving to dismiss, Defendant argues that the Amended Complaint alleges facts giving rise to a strict liability claim, a claim not recognized under maritime law. (Mot. at 1.)  Defendant points to paragraph 13 and paragraphs 14(b) and (d) of the Amended Complaint in support. Plaintiff responds that the Amended Complaint only asserts a claim for negligence and that the paragraphs identified by Defendant must be considered in context. (Resp. at 4.)  In reply, Defendant asserts that, despite Plaintiff's "concession" that she cannot bring a claim under a strict liability theory, a jury will be confused by the Amended Complaint and therefore Defendant is prejudiced.  Defendant requests that the Court grant the motion to dismiss but allow Plaintiff to "reconcile her pleadings with the governing law."  (Reply at 2-3.)

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

    III. Discussion

When an injury occurs on navigable waters, federal maritime law governs the substantive legal issues in the case.  Everett v. Carnival Cruise Lines, Inc., 912 F.2d 1355, 1358 (11th Cir. 1990); Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1320-21 (11th Cir. 1989); Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1334 (11th Cir. 1984).  Federal maritime law exclusively sets substantive liability standards, superseding state substantive liability standards. Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 628 (1959). With respect to the standard of care for passengers, the Eleventh Circuit has held that "the benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances, a standard which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." Keefe, 867 F.2d at 1322.  A shipowner must give notice of dangers which are not apparent and obvious.  N.V. Stoomvaart Maatschappij

3

Nederland v. Throner, 345 F.2d 472 (5th Cir.1965);[1] Luby v. Carnival Cruises, Inc., 633 F. Supp. 40 (S.D. Fla. 1986).

With this standard in mind, the Court finds that Plaintiff has properly stated a claim for negligence. The Amended Complaint alleges that Defendant owed Plaintiff the duty of reasonable care (Am. Compl. ¶ 13), which Defendant breached (Am. Compl. ¶ 14), causing Plaintiff injuries (Am. Compl. ¶¶ 11, 15-16). Significantly, Defendant does not challenge that Plaintiff has properly alleged a cause of action for negligence. Instead, Defendant argues that certain allegations in the Amended Complaint could be construed to constitute a claim under the theory of strict liability.

The Court rejects this argument. The sole count in the Amended Complaint is labeled "negligence." Read in context, each of the allegations relate to Plaintiff's claim that Defendant breached its duty of reasonable care, which resulted in Plaintiff's injuries when she fell while attempting to sit on a bar stool. Therefore, the Court concludes only a negligence claim is pled. In so doing, the Court is simply accepting the "plainest" and "obvious" meaning of the Amended Complaint. See Smith v. Meese, 821 F.2d 1484, 1496 (11th Cir.1987) (when the meaning of the allegations are clear, courts should accept the plainest meaning of a complaint so as not to return to the days of common law forms of pleadings).

For the foregoing reasons, Defendant's motion to dismiss the complaint is denied.

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Oceans Casino Cruises, Inc.'s Motion to Dismiss the Amended Complaint (DE 13) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of October, 2008.

_____
KENNETH A. MARRA
United States District Judge